**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAMBAL KHAN, | No.   17-73101 |
| Petitioner, | Agency No. A209-876-159 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 24, 2019
San Francisco, California

Before:  WALLACE and BRESS, Circuit Judges, and LASNIK,** District Judge.

Hambal Khan petitions for review of a Board of Immigration Appeals's

(Board) decision affirming an immigration judge's (IJ) denial of his applications for

asylum, withholding of removal, and Convention Against Torture (CAT) protection.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks and citations omitted). "Under the substantial evidence standard, the court upholds the [Board's] determination unless the evidence in the record compels a contrary conclusion." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (internal quotation marks and citations omitted).

Khan argues that the denial of his asylum and withholding of removal claims should be reversed because the denial rests on an adverse credibility determination that is not supported by substantial evidence. However, as long as an adverse credibility finding is based on "specific and cogent reasons," *Shrestha v. Holder*, 590 F.3d 1034, 1041–43 (9th Cir. 2010), it is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (internal quotation marks and citations omitted).

Here, the adverse credibility finding is based on specific and cogent reasons. For example, Khan altered a police report before submitting it to the immigration court—and only admitted to altering it (supposedly, to "correct" the dates) upon on cross-examination by the Government. The original, unaltered dates on the police report undermine Khan's assertion that he fled Pakistan immediately after an

incident involving gunfire outside of his house.

Khan also inconsistently described himself both as a "common worker" in his political party and as a prominent person in the party who would often appear on stage with the local mayor. Although Khan was afforded ample opportunity to explain this inconsistency, *cf. Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009), Khan failed to explain why he was prominent enough to be threatened by the president of a rival political party, yet not prominent enough to receive protection from the local government—which was allegedly controlled by his party and declined to help him on the ground that he was "just a common person." These inconsistencies go to the "heart" of Khan's claim because they "concern[] events central to petitioner's version of why he was persecuted and fled." *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) (citations omitted), *overruled on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015). We "will uphold an adverse credibility determination where it is based on serious inconsistencies in the applicant's testimony that go to the heart of his application." *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1254 (9th Cir. 2003) (citations omitted).

Reviewing the record as a whole, we conclude that Khan has failed to present any "evidence so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (internal quotation marks and citations omitted). Accordingly, the adverse credibility finding is

3

supported by substantial evidence, and Khan "cannot satisfy [his] burden of showing entitlement to" asylum or withholding of removal. *Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010).

Khan next argues that the agency violated due process by failing to consider certain documents for failing to comply with 8 C.F.R. § 1003.33.[1] We review Khan's due process claim de novo, *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000), and reject it. To establish a due process violation, Khan must show: (1) that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case," and (2) that the due process violation resulted in "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (citations and internal quotation marks omitted). Khan fails to satisfy either requirement.

An "alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Khan has not overcome this presumption here. Although the IJ expressed

---

[1] That regulation imposes certain requirements on foreign language documents offered by a party, including that such documents be accompanied by an English language translation and a certification signed by the translator. 8 C.F.R. § 1003.33.

4

concern that some of the Khan's submissions had not complied with 8 C.F.R. § 1003.33, the record reflects that the IJ examined most of Khan's submissions. The fact that some documents were marked "for identification" does not necessarily mean that the IJ did not consider them. The only untranslated document that the IJ specifically stated he could not consider as evidence was Khan's ID card—and he did so because it was in Urdu and not translated into English.

In any event, Khan fails to establish prejudice because none of his submissions overcome the adverse credibility determination, and thus would not affect the "outcome of the proceeding," *Ibarra–Flores*, 439 F.3d at 620–21. For example, Khan does not argue that his ID card could rehabilitate his credibility, corroborate his testimony, or would otherwise be probative of any issue. Additionally, Tariq's letter (Exhibit 4-C) does not support, or even allude to, Khan's claim that members of a rival political party fired gun shots outside of his home, despite the letter being dated after the alleged incident. The letter from Khan's mother similarly does not resolve any inconsistencies giving rise to the adverse credibility determination.

Finally, Khan argues that the Board erred in affirming the denial of his CAT claim because there is a clear probability of torture if he returns to Pakistan. We review the "determination that an applicant is not eligible for relief under the CAT" for substantial evidence, *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007), and will uphold the determination "unless the evidence in the record compels a contrary

conclusion," *Cole*, 659 F.3d at 770.

Khan points to no evidence that compels the conclusion that, if he were removed to Pakistan, "it is more likely than not that [he] would be tortured," 8 C.F.R. § 1208.16(c)(2), "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," 8 C.F.R. § 1208.18(a)(1). For example, Khan's testimony that the police refused to protect him carries no weight in light of the Agency's adverse credibility determination. *See Farah*, 348 F.3d at 1156–57 (denying CAT relief where an alien's CAT claim was based on the same testimony that the agency determined was not credible). The State Department's 2016 Country Conditions Report is also insufficient because it does not contain "evidence that similarly-situated individuals are being tortured" with governmental involvement or acquiescence. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013). While the report indicates that "[d]istrict-level and provincial politicians" from various political parties, including Khan's party, were targeted by political rivals, it does not show that persons similarly situated to Khan— rank-and-file party members—are likely to be tortured in Pakistan by, or with the acquiescence of, the authorities. Thus, Khan points to no evidence which compels us to overturn the Board's denial of his CAT claim.

**PETITION DENIED.**

6